IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STATE FARM FIRE AND CASUALTY   )
COMPANY,   )
   )
              Plaintiff,   )
v.   )
   )
   )  Case No. 2:16cv139-WHA
HENRY JOHNSON and MATTIE JOHNSON, )   (wo)
   )
              Defendants.   )

**MEMORANDUM OPINION AND ORDER**

**I.   FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss (Doc. #6), filed by the Defendants,

Henry Johnson and Mattie Johnson ("the Johnsons"), and a Motion to Accept Payment into

Court (Doc. #8), filed by the Plaintiff State Farm Fire and Casualty Company ("State Farm").

This case arises out of fire damage to the Johnsons' home, which was insured by State

Farm.   The Johnsons submitted a claim for the damage caused by the fire. State Farm initially

estimated the replacement cost at $29,551.43 and tendered payment of $26,946.67, after

depreciation. (Doc. #6-2).   State Farm re-inspected the residence after the Johnsons protested

the amount of the estimate, and State Farm updated the estimate of the replacement cost to

$87,615.73. (Doc. #1 at ¶14).[1] The Johnsons invoked the appraisal clause of their policy,[2] and

---

[1] In its calculations, discussed below, State Farm uses the figure of $87,072.23. The difference, which State Farm says is inconsequential, (Doc. #11 at p. 3 & n.1), is approximately $500 and is the difference between the estimated amount and the payment tendered, which takes into account depreciation.

2 The policy provides that if the insurer and insured fail to agree on the amount of loss, either

State Farm and the Johnsons each selected appraisers.   The appraisers did not reach agreement. State Farm's appraiser submitted an estimate of an additional $20,377.04. (Doc. #6-4). The appraisals were submitted to an umpire. The umpire and the appraiser selected by the Johnsons entered an Appraisal Award of $146,750 for the dwelling coverage and $29,862 for Additional Living Expenses, as provided for in the policy, for a total Appraisal Award of $176,612.00. (Doc. #6-3).

State Farm contends that the Appraisal Award is improper because it included portions of the residence which State Farm did not agree were damaged by fire, and the Appraisal Award included Additional Living Expenses, which were not supposed to be part of the appraisal. State Farm filed a Complaint for Declaratory Judgment in this court on February 29, 2016. State Farm seeks a declaration that the Appraisal Award entered by the umpire and one of the appraisers in this case is void and of no effect and that State Farm has no obligation to pay the Defendants pursuant to the Appraisal Award.

State Farm's Motion to Accept Payment into Court asks the court to accept payment of $59,677.77.   According to State Farm, it has paid the Johnsons $87,072.23 toward dwelling coverage and contests the Appraisal Award of $146,750 for that coverage.   State Farm seeks to pay to the court the difference between the Appraisal Award and what has been paid to avoid being accused of holding the money to make interest on it.   State Farm states that if it prevails in this case, it will seek a return of the money.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED and the

---

can demand the amount of loss be set by appraisal, and if the amount cannot be agreed to by the two appraisers selected, the differences will be submitted to the umpire and a written agreement signed by any two of the three shall set the amount of the loss.   (Doc. #6-1 at p.18).

Motion to Accept Payment into Court is due to be DENIED as moot.

## II.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack."   A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.   *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).   A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings.   *Lawrence*, 919 F.2d at 1529.   Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction.   *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).   The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction.   *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

## III.   DISCUSSION

Under 28 U.S.C. §1332(a), diversity jurisdiction is conferred on district courts in civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs.   There is no dispute that the parties in this case have diverse citizenship.   The Johnsons, however, dispute that the requisite amount is in controversy.

The party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it bases jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).   When a plaintiff seeks injunctive or declaratory relief, the amount in

controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *Id.*

The Johnsons initially sought dismissal of the Complaint for Declaratory Judgment for lack of subject matter jurisdiction on the ground that the money State Farm seeks to pay into court is less than the $75,000 in controversy required for diversity subject matter jurisdiction. State Farm clarified, however, that the $59,677.77 it seeks to pay into court is only the amount of the Appraisal Award that covers the dwelling loss, but that State Farm also challenges the aspect of the Appraisal Award which includes the Additional Living Expenses amount of $29,862. State Farm argues, therefore, that when the additional $29,862 is considered, the amount in controversy is greater than $75,000.

In reply, the Johnsons point out that State Farm's appraiser submitted an appraisal of $20,377.04 through the agreed-to appraisal process. (Doc. #6-4). State Farm had previously updated its estimate of the replacement cost to $87,615.73. (Doc. #1 at ¶14).   The Johnsons argue, therefore, that State Farm has agreed to an amount for the loss of the structure as follows: $87,615.73 and an additional $20,377.04 which is $107,992.77.

State Farm does not appear to include the $20,377.04 submitted by State Farm's appraiser in its calculations, focusing instead on the amount already tendered to the Johnsons. It appears to this court, however, that consideration of that amount is appropriate. *See Gordon v. Amica Mut. Ins. Co.*, No. 3:03cv1134, 2005 WL 123851 (D. Conn. Jan. 20, 2005) (denying an insurance company's motion to dismiss for lack of subject matter jurisdiction and considering the amount of money already paid and the value placed on the loss by an appraisal firm hired by the insurance company). State Farm's burden is to demonstrate the value of the object of the

litigation from its perspective, which, in this case, would be the value to it if the Appraisal

Award were set aside. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807

(11th Cir. 2003).

Considering the sum that State Farm agreed to in its updated estimate and the amount

submitted by its appraiser, $107,992.77, the difference between that number and the total

Appraisal Award of $176,612.00, which includes Additional Living Expenses, is $68,619.23, or

less than the requisite jurisdictional amount. Alternatively, considering the amount State Farm

says that it has tendered as payment to date, $87,072.23 plus the $20,377.04 appraiser amount,

which totals $107,449.27, results in an amount in controversy of $69,162.73, which is also an

amount below $75,000.[3]

The court must conclude, therefore, that State Farm has not met its burden to establish

subject matter jurisdiction in this case.

---

[3] Calculation with the estimated amount
 87,615.73   (estimated loss)
+20,377.04   (State Farm appraisal)
107,992.77 (amount of loss for structure)

 176,612.00 (Appraisal Award for structure and Additional Living Expenses)
- 107,992.77
 68,619.23 (in controversy)

 Calculation with the tendered amount
 87,072.23   (tendered amount for loss)
 20,377.04   (State Farm appraisal)
 107,449.27 (amount of loss for structure)

 176,612.00 (Appraisal Award for structure and Additional Living Expenses)
-107,449.27
 69,162.73 (in controversy)

Within the Johnsons' Reply Brief is a request for an award of costs and attorneys' fees for opposing this suit. The Johnsons cite no legal basis for such an award, and the court declines to impose it as a sanction.

### IV.   CONCLUSION

For the reasons discussed, the court concludes that the requisite amount is not in controversy, and the court lacks subject matter jurisdiction.   The Motion to Dismiss (Doc. #6) is hereby ORDERED GRANTED and a separate Judgment will be entered dismissing the case without prejudice for lack of subject matter jurisdiction.

The Motion to Accept Payment into Court (Doc. #8) is DENIED as moot.

Done this 28th day of April, 2016.

_/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE